UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA
EX. REL. CYNTHIA ELLIS,

                              Plaintiff,

                                                          DECISION AND ORDER

                                                          05-CV-6146L

              v.

ZIA SHEIKH, M.D., ZIA SHEIKH, M.D., P.C.,
SALAMANCA FAMILY HEALTH CENTER,

                              Defendants.
_____

        This is an action under the False Claims Act, 31 U.S.C. § 3729 *et. seq*. ("FCA").  Plaintiff-

relator, Cynthia Ellis ("Ellis"), filed this *qui tam* action against a doctor, defendant Zia Sheikh, M.D.,

his corporation and the Salamanca Family Health Center ("defendants").  In essence, Ellis claims

that the defendants defrauded the United States Government for at least two years by filing false

claims for payment under the Medicare and Medicaid programs.

        Plaintiff's amended complaint sets forth three causes of action.  In Counts I and  II, plaintiff

alleges that defendants committed fraud pursuant to 31 U.S.C. §§3729(a)(1) and (a)(2).  In Count

III, plaintiff claims that after she investigated and participated in proceedings related to defendants'

fraudulent activities, defendants retaliated against her by terminating her employment, in violation

of 31 U.S.C. § 3730(h).

Defendants have moved to dismiss the amended complaint for failure to plead the fraud claims with the required particularity, as required by FED. R. CIV. P. 9(b) and for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6) (Dkt. #23).  For the reasons that follow, defendants' motion is denied.

## FACTS

Defendant Sheikh is a medical doctor who operates a health care facility, the Salamanca Family Health Center, in Cattaraugus County, New York.  Plaintiff is a former employee of the health center who was hired as a part-time medical records clerk in November 2002 and, thereafter, became a full-time employee until her termination on January 14, 2005.  As an employee of the health center, she worked regularly as a receptionist and performed clerical duties, which included billing.

When submitting claims to Medicare and Medicaid, physicians and medical service providers are required to use a standardized form, Form 1500 ("Form 1500").  Form 1500 requires service providers to identify the services and procedures provided to patients using specific codes.  The gravamen of plaintiff's claims is that Dr. Sheikh inflated the reports of his treatment of patients, and utilized inappropriate codes to reflect the services provided.

The codes utilized on Form 1500, known as Current Procedural Terminology ("CPT"), indicate both the nature of the treatment and the time set aside for such treatment and care.  Plaintiff's amended complaint alleges that for at least two years during her employment, Dr. Sheikh consistently scheduled as many as three or four patients during each 15-minute time slot on his schedule, and that patients regularly complained about short visits of five minutes or less.  She

alleges that many of these office visits were not medically necessary, and were scheduled for the sole purpose of renewing long-standing prescriptions, which involved no medical examination, treatment or diagnosis.  Although each visit took 5 minutes or less, plaintiff contends that they were billed using codes that reflected a minimum or 15 or 25 minutes of face-to-face physician time.  By way of example, plaintiff states that on January 10, 2005, Dr. Sheikh scheduled between two and four patients for each 15-minute time slot, but submitted claims portraying each appointment as a 15-25 minute visit.

Plaintiff alleges that she notified her immediate supervisor, Joanie Shabala, about her concern that Dr. Sheikh was defrauding Medicare and Medicaid, as well as the insurance companies which were involved, and advised Ms. Shabala that she intended to notify the relevant agencies of this fraudulent activity.  In fact, plaintiff alleges that Shabala assisted her with obtaining phone numbers for Medicare, Medicaid, and some insurance companies.  Plaintiff reported her concerns to those parties on or about January 4, 2005.  Shortly thereafter, on January 13, 2005, plaintiff alleges that Shabala informed her that she (Shabala) was aware that plaintiff had reported issues concerning false claims.  Plaintiff alleges that her employment was terminated the very next day.

**DISCUSSION**

In deciding whether plaintiff's complaint should go forward, I note that there are several principles which apply simultaneously to the examination of a motion to dismiss under the circumstances presented here.

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. PROC. 12(b)(6).  In evaluating a motion to dismiss under Rule 12(b)(6), a court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987).  To defeat a motion to dismiss, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____, 127 S. Ct. 1955, 1964-65  (2007).  *See generally Ashcroft v. Dept. of Corrections*, 2007 U.S. Dist. LEXIS 49079 (W.D.N.Y. 2007) (discussing and applying the *Bell Atlantic Corp.* standard).  In determining the motion, the Court's review is generally limited to the Complaint, as well as any documents incorporated by reference therein. *See Savino v. Fiorella*, 2007 U.S. Dist. LEXIS 43284 at *10-*11 (W.D.N.Y. 2007).

With respect to the specificity of the stated claims, the Federal Rules of Civil Procedure generally demand only "notice" pleading, with allegations sufficient to put the responding defendants on notice as to the general nature of the claim.  However, where, as here, the complaint  sounds in fraud, a more rigorous standard is applied.  FED. R. CIV. PROC. 9(b) requires that fraud be pleaded with "particularity." The extent of that particularity is at issue here.

Additional concerns also factor into the Court's analysis.  The plaintiff's claim is brought under the False Claims Act.  This Act allows private citizens, essentially private attorneys-general,

to commence litigation relating to fraud committed against the Government.  The purpose of the statute is, of course, to encourage citizens to act as "whistle blowers" and to take steps to bring fraud against the Government to light.  *See United States v. Long Island Lighting Co.*, 912 F.2d 13, 18 ("[w]e also note that 'the purpose of the qui tam provisions of the False Claims Act is to encourage private individuals who are aware of fraud being perpetrated against the Government to bring such information forward'"), *quoting* H.R. Rep. No. 660, 99th Cong., 2d Sess. 22 (1986).  Unrealistic barriers to such actions should not be erected, for to do so would defeat the purpose of the Act. Therefore, individuals who act according to the statute and bring fraudulent claims forward are statutorily protected from punishment or retaliation as a consequence of doing so.  *See* 31 U.S.C. § 3730(h).

I.     **Pleading Fraud With Particularity, Fed. R. Civ. P. 9(b).**

I believe plaintiff's complaint pleads fraud sufficiently to withstand a challenge under Rule 9(b).  First of all, there can be little doubt that defendants were on notice as to the nature of the claims brought against them.  In fact, the complaint sets out in some detail and with great specificity the allegations concerning the inaccurate billing, the improper use of the CPT Codes and the requirements for utilizing such codes.  Plaintiff alleges that defendants submitted false and fraudulent claims for reimbursement to Medicare and Medicaid for office visits that were not medically necessary and where "no actual medical examination, treatment, history or diagnosis was performed." (Amended Complaint, Dkt. #27 at ¶ 36).  The amended complaint alleges that plaintiff informed her supervisor, Shabala, of her concern that Dr. Sheikh was defrauding Medicare, Medicaid and the insurance companies.

The central question under the False Claims Act is whether the defendant presented a "false or fraudulent claim" to the Government.  *See Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 785 (4th Cir. 1999) (quoting *United States v. Rivera,* 55 F.3d 703, 709 (1ST Cir. 1995).

I believe the amended complaint sufficiently establishes that fact.     This is not a case where a party is seeking, through discovery, to determine whether fraudulent actions have taken place. Indeed, plaintiff describes the alleged fraud in detail, and describes specific incidents allegedly illustrative of defendants' pattern of fraudulent activity.  Such allegations clearly satisfy the strictures of Fed. R. Civ. Proc. 9(b).  *See United States v. N.Y. Presbyterian Hospital*, 2007 U.S. Dist. LEXIS 53826 at *20-*21 (S.D.N.Y. 2007).

Moreover, although the specificity requirements of Rule 9(b) must be met, courts have relaxed the standards of that rule under certain circumstances.  For example, when the necessary evidence of the essential elements of the claim is within the exclusive control of the defendant, some courts have allowed plaintiffs to plead "on information and belief."  Plaintiffs must still set forth the factual basis for that belief and this Court has recognized that the Rule 9(b) "requirement is relaxed somewhat when the relevant facts are peculiarly within the opposing party's knowledge."  *Vallejo v. Investronica,* 2 F.Supp.2d 330, 336 (W.D.N.Y. 1998).  Here, plaintiff alleges that as a result of her abrupt termination and lack of access to defendants' records after that date, she is unable to specify dates other than January 10, 2005.

Courts have also relaxed the specificity requirement of Rule 9(b) when the fraud being alleged is part of a complex scheme occurring over a long period of time.  A "'relaxed rule of pleading' may be allowed as an exception in . . . cases . . . where 'the alleged conduct took place over

a long period of time or involved numerous occurrences.'" *United States v. America ex rel. Paul P.*

*McDermott v. Genentech, Inc.,* 2006 U.S. Dist. LEXIS 90586 at *36 (D.C. Me. 2006), *quoting*

*United States of America ex rel. Karvelas v. Melrose-Wakefield Hosp.,* 360 F.3d 220, 231 n.14 (1ˢᵗ

Cir. 2004).  Here, plaintiff alleges an almost daily pattern of fraudulent billing which occurred over

a two-year period.

In sum, whether viewed under a "relaxed" standard or under the heightened standard of Rule

9(b), I find that plaintiff has sufficiently alleged short and frivolous medical appointments, the

lengths and purposes of which cannot be confirmed, and a billing statement which does not detail

the services provided except for CPT Codes which inaccurately describe what actually occurred

between physician and patient.  Plaintiff alleges that these fraudulent claims were presented to

Medicare and Medicaid for payment.  Since Ellis herself was responsible for preparing billing

statements and submitting them  and has provided the specifics for one of the incidents she describes,

I find that her allegations are sufficient to meet the pleading requirements and state a claim for fraud.

## II.    Retaliatory Discharge.

Under Count III, plaintiff seeks relief for retaliatory discharge from defendants' employment

pursuant to §3730(h) of the FCA, which provides that:

> [a]ny employee who is discharged . . . by his or her employer because of lawful acts
> done . . . in furtherance of an action under [the FCA], including investigation for,
> initiation of, testimony for, or assistance in an action filed or to be filed under this
> section, shall be entitled to all relief necessary to make the employee whole.

31 U.S.C. § 3730(h).

To sustain an action for retaliation under §3730(h), a plaintiff must demonstrate: (1) that she

engaged in conduct protected under the statute: (2) that defendants were aware of her conduct; and

(3) that she was terminated in retaliation for that conduct.  *See Mikes v. Strauss*, 889 F. Supp. 746, 752 (S.D.N.Y. 1995).

Plaintiff alleges that after she investigated defendants' activities, notified her supervisor that she suspected defendants to be engaged in fraud, and discussed her concerns with investigators from the Government, she was fired within a matter of days.  In my view, plaintiff has sufficiently alleged that she engaged in protected activity, that defendants were aware of her conduct, and that she was terminated in retaliation for it.

Citing the fact that they could not have predicted that litigation would arise, defendants dispute that plaintiff has sufficiently alleged or demonstrated that they were aware of her protected activity.  I disagree.  Plaintiff need not prove that a lawsuit was imminent; simply that she was engaging in protected activity involving false claims.  *See id.* (an employee need not file suit under the FCA, or be involved with an FCA suit brought by the government, to be protected by the provisions of § 3730(h)); *United States ex rel. Kent v. Aiello,* 836 F.Supp. 720, 723-24 (E.D. Cal. 1993) (same).   Plaintiff alleges that she notified her supervisor, Shabala, of the false claims, and indicated to Shabala that she intended to do something about it.  It is also alleged that plaintiff contacted federal authorities and that within a matter of days, Shabala fired plaintiff, indicating in some fashion that she "wished the situation could be different."  In my view, the allegations of retaliation are sufficiently pleaded.  While defendants have raised issues of fact concerning the reasons for Ellis's termination, whether it was for a legitimate reason or simply a blatant act of retaliation to prevent and preclude plaintiff from continuing her investigation into fraudulent claims is a question the Court need not reach on this motion to dismiss.

**CONCLUSION**

For the foregoing reasons, I find that plaintiff has sufficiently pleaded each of the three causes of action alleged in her amended complaint.  Defendants' motion to dismiss (Dkt. #23) is denied in all respects.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge


Dated: Rochester, New York
       October 31, 2008.